## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**LUVELL WEST**
    Petitioner

v.      No. 5:08CV-00199-R

**J. DAVID DONAHUE, Warden**
    Respondent

### MAGISTRATE JUDGE'S REPORT
### and RECOMMENDATION

The petitioner has filed a pro-se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, to which the respondent has responded in opposition (Docket Entry Nos. 1 and 13). This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The petitioner was charged with various counts, including murder and robbery. The Commonwealth filed notice of its intent to seek the death penalty. The petitioner pled guilty in exchange for a life sentence. On May 27, 2004, the petitioner filed a "motion to enter guilty plea pursuant to *North Carolina v. Alford* [400 U.S. 25 (1970)]." The petitioner's guilty plea was accepted by the McCracken Circuit Court on May 27, 2004. At the sentencing hearing on July 14, 2004, the petitioner moved to withdraw his guilty plea. The trial court denied the motion, noting that the petitioner's guilty plea had been voluntarily entered. Upon direct appeal, the Supreme Court of Kentucky upheld the denial of the motion. *West v. Commonwealth*, 2006 WL 1360189.

On October 2, 2006, the petitioner filed a motion for post-conviction relief pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. The petitioner sought a reconsideration of the same claim previously adjudicated by the Kentucky Supreme Court (i.e., the trial court did not err in denying the petitioner's request to withdraw guilty plea) and raised some additional claims. The trial court denied the RCr 11.42 motion, and the Kentucky Court of Appeals affirmed, holding that the petitioner's first claim was barred by the "law of the case" doctrine and that his remaining claims were barred as a matter of state procedural rules. *West v. Commonwealth*, 2008 WL 2312616.

### Claim One

According to the recitation of the facts by the Kentucky Supreme Court in *West v. Commonwealth*, 2006 WL 1360189, on May 27, 2004, during the guilty plea proceeding, the petitioner's counsel stated that he had discussed the petitioner's constitutional rights with him and that he had no reason to believe that the petitioner's guilty plea was anything other than knowingly, voluntarily, and intelligently offered. Counsel further stated that he had no cause to believe that the petitioner was under the influence of drugs, alcohol, or medication that would impair his judgment and noted that the petitioner had submitted to two prior psychiatric evaluations that indicated there were no mental problems.

At the same proceeding, the petitioner provided sworn testimony that he was <u>not</u> under the influence of any drugs, alcohol, or mental disease that would impair his judgment. He noted that he had spoken with three attorneys regarding his case. He testified that he had read and signed the motion to enter a guilty plea as well as the Commonwealth's offer on a guilty plea. He stated that he believed his attorney was fully informed about his case and that he had fully discussed and understood the charges against him as well as any possible defenses. He understood what the range

of possible penalties could be and that the trial court could reject the Commonwealth's recommendation He acknowledged that he had been represented by competent counsel. Most importantly, the petitioner testified that no one had forced him to take the plea, or had made any promises to him in exchange for his plea of guilty. Following this lengthy colloquy, the trial court accepted the petitioner's guilty plea.

On July 14, 2004, at the sentencing hearing, the petitioner asked the trial court for permission to withdraw his guilty plea, attempting to take back most of his prior testimony at the guilty plea proceeding. He asserted that he had been forced by his counsel to accept the plea and that he did not really understand what was happening during the earlier judicial proceedings. He also claimed that his guilty plea was not voluntarily entered because he was not provided discovery in the case.

Upon hearing this, the trial court responded that the petitioner had previously stated that his plea was entered voluntarily and knowingly. In reference to petitioner's alleged misunderstanding of the prior legal proceedings, the trial court recounted the petitioner's extensive criminal record, court appearances, and general familiarity with the criminal trial process. As to the discovery allegation, the trial court informed the petitioner that his counsel was initially provided with discovery on May 15, 2003, and that counsel had been provided with continuing discovery throughout the proceedings. The trial court stated that the petitioner's motion to withdraw his guilty plea was improperly made at sentencing, but even if properly made, would be rejected because the petitioner had previously acknowledged that he was entering his guilty plea freely and willingly. The trial court denied the petitioner's request to withdraw his guilty plea and sentenced him in accordance with the terms of the plea bargain.

On appeal to the Kentucky Supreme Court, the petitioner argued that the trial court abused its discretion and denied him due process of law when it refused to allow him to withdraw his guilty plea prior to sentencing pursuant to RCr 8.10. RCr 8.10, states, inter alia, that "[a]t any time before judgment the court **may** *(emphasis added)* permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted."

The Kentucky Supreme Court observed that the rule gives a trial court discretion, not a mandate, to allow withdrawal of a guilty plea. However, the court acknowledged as follows, citing *Rodriguez v. Commonwealth*, Ky., 87 S.W.3d 8, 10 (2002) *(emphasis in Rodriguez)*:

> [T]he word "may" in RCr 8.10 does not give a trial judge unfettered discretion to deny a motion to withdraw a guilty plea without affording the defendant a hearing on the motion. Our case law is clear that the discretion to deny a motion to withdraw a guilty plea exists only after a determination has been made that the plea was **voluntary**. If the plea was **involuntary**, the motion to withdraw it must be granted.

The Supreme Court held that in the petitioner's case:

> The evidence of record is clear that the trial court properly conducted a hearing to determine if Appellant's guilty plea was entered voluntarily and knowingly. "Admissibility of a confession must be based on a reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Although the trial court determined that Appellant's motion to withdraw his guilty plea was made improperly, the court still heard Appellant's reasons for withdrawal of the plea at sentencing, and informed him that the earlier guilty plea proceeding showed that Appellant's plea was not coerced and was entered willfully. Furthermore, our review of the record leaves no doubt that Appellant did in fact enter his guilty plea voluntarily and knowingly. In this case, the trial court's discretion in denying Appellant's requested relief was not abused.

The magistrate judge concludes that, to the extent the petitioner's claim is that, in letting his guilty plea stand, the Kentucky Supreme Court misapplied its own case law (*Rodriguez*), which in turn, construed the state's own rules of criminal procedure (RCr 8.10), the claim is not cognizable in a federal habeas corpus petition because such a petition must allege a violation of the United States Constitution and not merely of state law. See 28 U.S.C. § 2254(a).

4

As to the constitutional dimension of the petitioner's claim, a plea of guilty is valid, and hence not subject to a subsequent withdrawal, if entered voluntarily and intelligently under the totality of the circumstances. See *Bradshaw v. Stumpf*, 545 U.S. 175 (2005). The "factual findings of a state court that the plea was proper generally are accorded a presumption of correctness." *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir., 1993). The presumption of correctness also applies to the factual findings of a state appellate court made on its review of the state trial record, for example, the recitation of the facts surrounding the plea colloquy recounted above. *Mitchell v. Mason*, 325 F.3d 732, 737-738 (6th Cir., 2003). Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Furthermore, to the extent the petitioner failed to develop the factual basis for his claim in the state court, a federal habeas court generally will not provide the petitioner with a forum for development of those facts. § 2254(e)(2).

The undersigned concludes that the constitutional dimension of the petitioner's claim was adequately characterized by the Kentucky Supreme Court, to-wit, pursuant to *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), the "[a]dmissibility of a confession must be based on a reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant." To the extent the petitioner's claim is not precluded by the presumption of correctness codified at § 2254(e)(1), the petitioner has failed to show that the state court's adjudication of his *Boykin* claim resulted in a decision that was 1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding as contemplated by § 2254(d). Therefore, in light of this court's standard of review of constitutional claims, the petitioner's first claim lacks a factual basis and is without merit.

## Other Claims

As indicated above, in affirming the denial of the petitioner's RCr 11.42 motion, the Kentucky Court of Appeals held that the petitioner's remaining claims were barred as a matter of state procedural law. *West v. Commonwealth*, 2008 WL 2312616. Specifically, the Court of Appeals held that:

> RCr 11.42 motions cannot be used to re-litigate issues already decided on direct appeal or issues which could and should have been raised during direct appeal. *Baze v. Commonwealth*, 23 S.W.3d 619, 626 (Ky., 2000).
>
> Because all of West's contentions could have been asserted to establish the invalidity of his guilty plea on direct appeal, he cannot re-litigate these issues collaterally pursuant to RCr 11.42. Id. Additionally, a defendant cannot couch an issue that should have been raised in a direct appeal as a claim of ineffective assistance of counsel pursuant to RCr 11.42. Id. at 628.

The magistrate judge concludes that *Baze v. Commonwealth*, supra, evidences that the type of default that the state court invoked to forego review of the petitioner's remaining claims was "firmly established and regularly followed" at the time it was applied. *Ford v. Georgia*, 498 U.S. 411, 423-424 (1991). Therefore, absent a showing of cause and actual prejudice or a finding of actual innocence, this court also may not reach the merits. *Reed v. Farley*, 512 U.S. 339, 354-355 (1994).

"Cause" contemplates an "objective factor external to the defense" that impeded compliance with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In this case, the petitioner would have to show that something extrinsic and more than mere error or oversight prevented his claims from being presented upon direct appeal. "Prejudice" is difficult to define with precision. However, the prejudice must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional magnitude." *United States v. Frady*, 456 U.S. 152, 170 (1982). If there is strong evidence of a petitioner's guilt and a lack of evidence for his claim, the actual prejudice requirement is not satisfied. Id. at p. 172. The petitioner has not alleged cause and prejudice or innocence, and none is apparent. The undersigned concludes that the petitioner's remaining claims are procedurally barred under state law.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).